UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM SCHULTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1581** |
| **JASON KENT, WARDEN** | **SECTION "I"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

### I.   FACTUAL BACKGROUND

The petitioner, William Schultz, is a convicted inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On June 27, 2013, Schultz was

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 1.

charged by bill of information in St. Tammany Parish with two counts of sexual battery of 5-year-old AV and two counts of sexual battery of 7-year-old KW.[3] Schultz initially entered a not guilty plea to the charges that same day.[4] However, on April 22, 2014, during the second day of his jury trial, Schultz withdrew his not guilty plea and pled guilty to all four counts.[5] At the same hearing, the court adjudicated him a second felony offender and sentenced him to serve 50 years in prison on each count concurrently without benefit of parole, probation, or suspension of sentence.[6]

Schultz's conviction became final thirty (30) days later, on May 22, 2014, when he did not seek reconsideration of the sentence or pursue a direct appeal. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[7]).

---

[3]St. Rec. Vol. 1 of 1, Bill of Information, 6/27/13.

[4]St. Rec. Vol. 1 of 1, Minute Entry, 6/27/13.

[5]St. Rec. Vol. 1 of 1, Trial Minutes, 4/22/14; Plea Transcript, 4/22/14; Trial Minutes, 4/21/14.

[6]St. Rec. Vol. 1 of 1, Trial Minutes, 4/22/14; Multiple Bill, 4/22/14; Plea Transcript, 4/22/14; Reasons for Judgment, 5/16/14.

[7]The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or

2

In the meantime, on May 20, 2014, Schultz filed a motion with the state trial court seeking to withdraw his guilty plea.[8] The court summarily denied the motion on May 22, 2014, and notice of the ruling eventually was issued to Schultz on June 17, 2014.[9] Schultz did not seek review of this order.

Almost eleven months later, on May 12, 2015, Schultz signed and submitted to the state trial court an application for post-conviction relief asserting three claims:[10] (1) The state trial court erred when it accepted an infirm guilty plea without a showing that it was intelligently and knowingly made. (2) He was denied effective assistance of counsel because counsel did not object to the lack of evidence and failed to investigate to avoid untruthful testimony from witnesses at trial. (3) He requested a review for errors patent. (4) The trial court imposed an excessive sentence.

On June 30, 2015, the state trial court denied relief, finding the first two claims meritless, and the third and fourth claims procedurally improper for post-conviction

---

of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[8]St. Rec. Vol. 1 of 1, Motion to Withdraw Plea of Guilty, 5/20/14. Schultz later acknowledged in his memorandum in support of his 2015 application for post-conviction relief that May 20, 2014 was the date he filed the motion with the state trial court. St. Rec. Vol. 1 of 1, Memorandum in Support, p. 9, 12/7/15. I will therefore use that date in my timeliness calculation.

[9]St. Rec. Vol. 1 of 1, Trial Court Order, 5/22/14; Letter to Schultz, 6/17/14; Letter to Schultz, 5/30/14.

[10]St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 5/15/15 (dated 5/12/15); Brief in Support, 5/15/15.

3

review, citing La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[11] Schultz did not seek review of this ruling.

More than five months later, on December 2, 2015, Schultz signed and submitted a second application for post-conviction relief asserting that he received ineffective assistance of counsel when his counsel failed to assert an insanity defense, move for severance of the counts, object or move to reconsider the sentence, or file a motion to suppress the confession.[12] He also argued that the state trial court erred when it denied his motion to withdraw the guilty plea.[13]

On December 21, 2015, the state trial court denied relief, finding the application repetitive under La. Code Crim. P. art. 930.4 and otherwise improper for post-conviction review under La. Code Crim. P. art. 930.3.[14] Notice of this ruling was issued to Schultz on December 29, 2015.[15]

On March 21, 2016, the Louisiana First Circuit denied Schultz's related writ application without stated reasons.[16] On September 6, 2017, the Louisiana Supreme Court denied Schultz's writ application, finding no showing of error in the state trial

---

[11]St. Rec. Vol. 1 of 1, Trial Court Order, 6/30/15; Trial Court Order (2), 6/30/15.

[12]St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 12/7/15 (dated 12/2/15).

[13]St. Rec. Vol. 1 of 1, Memorandum in Support, 12/7/15.

[14]St. Rec. Vol. 1 of 1, Trial Court Order, 12/21/15.

[15]St. Rec. Vol. 1 of 1, Letter to Schultz, 12/29/15.

[16]St. Rec. Vol. 1 of 1, 1st Cir. Order, 2016-KW-0126, 3/21/16; Copy of 1st Cir. Writ Application, 2016-KW-0126, dated 1/20/16.

court's dismissal of the claims as repetitive and successive, citing La. Code Crim. P. art. 930.4 and State ex rel. Rice v. State, 749 So.2d 650 (La. 1999).[17]

III. FEDERAL HABEAS PETITION

On February 15, 2018, the clerk of this court filed Schultz's federal habeas corpus petition in which he asserts the he was denied effective assistance of counsel when his counsel failed to seek a mental evaluation and present expert testimony about his mental capacity to stand trial and intelligently and knowingly enter the guilty plea.[18] The State filed a response in opposition to Schultz's federal petition asserting that the petition is time-barred.[19]

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[20] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198

---

[17]State ex rel. Schultz v. State, 225 So.3d 1055 (La. 2017); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2016-KH-0792, 9/6/17; La. S. Ct. Writ Application, 16-KH-792, 5/2/16 (dated 4/18/16).

[18]Rec. Doc. No. 1.

[19]Rec. Doc. No. 7.

[20]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Schultz's petition, which, for reasons discussed below, is deemed filed on February 12, 2018.[21] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Schultz's federal petition was not timely filed. Schultz's petition should therefore be dismissed as time-barred.

## IV. STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[22] Duncan v. Walker, 533 U.S. 167,

---

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Schultz's petition on February 15, 2018. Schultz signed and dated the petition on February 12, 2018, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing.

[22]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

179-80 (2001). Schultz's conviction became final on May 22, 2014, which was 30 days after his guilty plea and sentencing, which he did not appeal. Applying Section 2244 literally, Schultz had one year from finality of his conviction, until May 22, 2015, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some

---

B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Schultz has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in

8

psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that

9

> passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Schultz's case, the one-year AEDPA statute of limitations ordinarily would have begun to run on May 23, 2014, the day after his conviction was final under federal law. However, when his conviction became final, Schultz's motion to withdraw his guilty plea already was pending in the state trial court and tolled commencement of the prescriptive period. Affording Schultz the benefit of the June 17, 2014, delayed issuance of the order denying that motion, I will consider the motion and related ruling to have remained pending until July 17, 2014, when the period to seek review expired.

The AEDPA one-year limitations period began to run the next day, July 18, 2014, and did so for 298 days, until May 12, 2015, when Schultz submitted his first application

11

for post-conviction relief to the state trial court. The application remained pending until July 30, 2015, when he failed to seek review of the state trial court's ruling.

The AEDPA one-year limitations period began to run again the next day, July 31, 2015, and did so for the remaining 67 days, until October 5, 2015, when it expired. Schultz had no other properly filed application for state post-conviction relief or other collateral review during that time period that might have tolled the AEDPA one-year statute of limitations. His next application for post-conviction relief or other collateral review was not filed until December 2, 2015, which was two months after the one-year AEDPA statute of limitations expired. Schultz is not entitled to tolling for a state court filing made after expiration of the AEDPA limitations period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Schultz also allowed more than five months to pass without any filings in state or federal court after his second application was resolved by the Louisiana Supreme Court on September 7, 2017 and before he submitted his federal petition on February 12, 2018.

Therefore, under the mailbox rule, Schultz's federal petition is deemed filed on February 12, 2018, which was more than two years after the AEDPA one-year statute of

limitations expired on October 5, 2015. His federal petition was not timely filed and must be dismissed with prejudice for that reason.[23]

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that William Schultz's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

---

[23] The United States Supreme Court decision in Martinez v. Ryan, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition. In Martinez, the Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" Trevino v. Thaler, 133 S. Ct. 1911, 1912 (2013) (quoting Martinez, 566 U.S. at 13). The state courts' last procedural disposition of Schultz's ineffective assistance of counsel claim is not dispositive of his claim in this federal court. His federal petition was not timely filed under federal law. The decisions in Martinez and Trevino do not address or provide an excuse for untimely filing of a federal habeas petition. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). Martinez and Trevino also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither Martinez nor Trevino provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[24]

New Orleans, Louisiana, this ___18th___ day of June, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[24]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.